GILMORE v. ROBERTS.

1. Under the former system of pleadings, a party not in the actual occupation of land trespassed upon, but having title and in possession of a part of the same tract, or having made entry thereon, might maintain action of trespass *quare clausum fregit* against a trespasser in possession of the portion upon which the trespass was committed; and since the adoption of the code of procedure, a party having title to property may recover damages for a trespass upon it without regard to the possession.

2. An order refusing a motion for non-suit not disturbed, there having been some evidence against defendant, and the jury having found for plaintiff.

---

Before WITHERSPOON, J., Richland, July, 1882.

This was an action by E. D. Gilmore against Wm. T. Roberts and J. C. Shirar, commenced February 28th, 1882. The charge of the judge to the jury and the opinion of this court constitute a full statement of the case. The charge was as follows:

The plaintiff must recover either on his possession or on his title. If he is not in possession at the time of the alleged trespass, he must show a legal title to the land to enable him to recover. But if by metes and bounds he has possession of a large tract of land to which he has a legal title, and any one obtrudes upon a part of that tract, such obtruder is properly sued in this form of action. If the plaintiff here has a legal title to .the whole tract of land with actual entry, he may maintain the action of trespass *quare clausum fregit,* as it was formerly .called, against any one who obtrudes himself into the actual possession of a part of the land. The facts are for the jury. What do these facts prove? Have these defendants made themselves

liable under the law as laid down? Has the plaintiff satisfied the jury that the land in dispute is a part of the larger tract to all of which he has legal title? That is the question to be solved. If the jury find for the plaintiff, he is entitled to some damages. If the jury believe that the plaintiff was not in possession, as explained by the law already cited, and had not a good legal title to the land in dispute as that law requires, their verdict must be for the defendants. Gilmore's title as a good legal title to the Mill tract is admitted. Is this a part of that tract?

Thereupon the jury rendered the following verdict: "We find for the plaintiff, and one dollar damages."

*Mr. W. S. Monteith,* for appellants.

*Mr. Andrew Crawford,* contra.

February 28th, 1883. The opinion of the court was delivered by

MR. JUSTICE McIVER. This was an action to recover damages for a trespass on the lands of the plaintiff. It was conceded that the plaintiff had the title to a tract of land known as the Patterson Mill tract, and the principal contest below seems to have been as to the true location of the lines of that tract, whether they embraced the land where the trespass was alleged to have been committed. The jury, under a charge from the Circuit judge, to which no exception was taken, found for the plaintiff, and the defendants appeal upon three grounds, but as the third has been abandoned it need not be stated here. The remaining grounds of appeal are as follows: First. "Because his Honor erred when he refused to charge the jury at the request of the defendants, as follows: If the jury believe that Shirar, defendant, is in possession of the land in dispute, either himself, or by his tenant Mims, the plaintiff cannot recover in this form of action, and the verdict must be for the defendants. Second. Because his Honor erred in refusing the motion for nonsuit as to the defendant, William T. Roberts."

We do not think there was any error in refusing the request as submitted. While it may have been true formerly, when it

was necessary to preserve the distinctions between the different forms of action, that the action of trespass *quare clausum fregit* could not have been maintained against a defendant in possession of the land upon which the alleged trespass was committed where the plaintiff, though having title, was not in the actual occupation of the land and had not made entry thereon, yet it never was true that the simple fact that the defendant was in possession was sufficient to deprive the plaintiff, who had title, of his right to bring this form of action, because if he too had actual possession of a part of the tract his title would draw to it possession of the whole, and he could maintain the action, or if he had made entry thereon the same result would follow. *Grimke* v. *Brandon,* 1 *N. & McC.* 356 ; *Amick* v. *Frazier, Dud.* 341 ; *Pearson* v. *Dansby,* 2 *Hill* 466 ; *McColman* v. *Wilkes,* 3 *Strob.* 465 ; *Cleveland* v. *Jones, Id.* 479 ; *Watson* v. *Hill,* 1 *Strob.* 78.

The case of *Vance* v. *Beatty,* 4 *Rich.* 104, relied on by the appellants, does not conflict with these views, but on the contrary it expressly recognizes the authority of some of the cases above cited, and simply decides that where the plaintiff has title but has never had any actual possession, the constructive possession derived from his title is not sufficient to enable him to maintain the action of trespass *quare clausum fregit* against one who is in actual possession.

It would have been error, therefore, to have charged the jury in the unqualified form demanded by the defendants' request, especially where, as in this case, there was direct testimony that the plaintiff had been in the actual occupation of the land for many years, by his tenants, and had been in the continuous use of it, holding it adversely, as he said, ever since he bought it in 1860, until these defendants, in 1879, intruded themselves into the possession of a part of it. The Circuit judge seems to have been aware of the distinction indicated, for he framed his charge in conformity to it. So that even under the law as it stood prior to the adoption of the code of procedure, the request in its unqualified form was properly refused, for if the plaintiff was in the actual possession of a part of the land, having title to the whole, at the time the defendants intruded upon him, the

action could have been maintained, even under the former practice, although the defendants might have been in the actual possession of that portion where the trespasses were committed, at the time the action was commenced.

But since the distinction between the various forms of action has been abolished, it may well be questioned whether there would be any foundation for the proposition contained in the request to charge, even if qualified, as we have suggested. If a plaintiff has title to a piece of property, whether real or personal, and also shows that another has trespassed upon it, by any unlawful use of or interference with it, we see no reason why he should not now be permitted to recover damages for such trespass. The wrong done is to the property of the plaintiff, and whether that property is, at the time, in his possession, or has been seized upon by a trespasser, would seem to be a matter of small consequence, so far as the substantial rights of the parties are concerned. While, therefore, under the former system of pleading, there may have been good reason why the distinctions between the different forms of action should have been rigidly observed, and the action of trespass *quare clausum fregit,* which was designed to afford redress for damages to the possession, should have been confined to cases where his possession was intruded upon, we see no reason now for observing any such distinction, and, therefore, where a plaintiff shows that his legal rights have been invaded, he ought to be entitled to redress from the wrongdoer, in the only form of action which he is now permitted to bring. We do not see, therefore, how, in any view of the case, the first ground of appeal can be sustained.

As to the second ground of appeal, which complains of error in refusing the motion for a non-suit as to the defendant Roberts, we are at a loss to discover upon what ground the non-suit was claimed. None is stated in the " Case," and none is suggested in appellants' argument. If we are left to presume that it was because there was no evidence connecting Roberts with the alleged trespasses, we can only say, as was said by O'Neall, J., in *Watson* v. *Hill, supra:* " Whatever might have been the doubt before, after the jury have held that the evidence satisfied them that the defendant committed the trespass, there can surely

be no room to say that the judge below ought to have ordered a non-suit." But in addition to this the plaintiff distinctly testified to the trespasses by both of the defendants, for he said, in speaking of the land, " Shirar and Roberts trespassed upon it, as I have stated, in 1879," and this, of course, was sufficient to go to the jury.

The judgment of this court is that the judgment of the Circuit Court be affirmed.